## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

_____

SIMON NICHOLAS RICHMOND,                          )
                                                  )
Plaintiff,                                        )
                                                  )
v.                                                )     Civil Action No.
                                                  )     _____
                                                  )
WINCHANCE SOLAR FUJIAN TECHNOLOGY                 )
       CO. LTD.                                   )
SEARS HOLDINGS CORPORATION,                       )
SEARS HOLDINGS MANAGEMENT CORPORATION,  )
SEARS BRANDS, LLC,                                )
SEARS ROEBUCK & CO.,                              )
COLEMAN CABLE, INC.,                              )
NII NORTHERN INTERNATIONAL, INC.,                 )
NII NORTHERN INTERNATIONAL SERVICES, INC.,  )
AMAZON.COM, INC.,                                 )
MENARD, INC.,                                     )
STROKIN LLC, and                                  )
IMPORT SPECIALTIES, INC.,                         )
                                                  )
Defendants.                                       )
_____)

## COMPLAINT AND JURY DEMAND

Lawrence C. Hersh                          Of Counsel
Attorney at Law                    Theodore F. Shiells
17 Sylvan Street                   Texas State Bar No. 00796087
Suite 102B                         Shiells Law Firm P.C.
Rutherford, New Jersey  07070      Dallas, Texas 75202
Tel:  (201) 507-6300               Tel: (214) 979-7312
Fax: (201) 507-6311                Fax: (214) 979-7301
lh@hershlegal.com                  tfshiells@shiellslaw.com

Attorneys for Plaintiff
Simon Nicholas Richmond

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiff Simon Nicholas Richmond ("Richmond" or "Plaintiff"), for his

claims against Defendants Winchance Solar Fujian Technology Col. Ltd., Sears

Holdings Corporation, Sears Holdings Management Corporation, Sears Brands,

LLC, Sears Roebuck & Co., Coleman Cable, Inc., NII Northern International,

Inc.,NII Northern International Services, Inc., Amazon.com, Inc., Menard, Inc.,

Strokin LLC, Import Specialties, Inc., (collectively, "Defendants"), makes and files

this Complaint and alleges as follows:

### 1.    THE PARTIES

**A.    Plaintiff Richmond.**

1.    Plaintiff Richmond is an individual and resident of New Jersey.

**B.    Defendants.**

2.    Winchance Solar Fujian Technology Col. Ltd. (Winchance) is a

corporation organized and existing under the laws of China, having a

principal place of business at Jiangnan New Hi-Tech Electronic Information

Industrial Park, Quanzhou, Fujian, China.  Winchance may be served

pursuant to the Hague convention.

3.      Sears Holdings Corporation (Sears Holdings) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Sears Holdings may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4.      Sears Holdings Management Corporation (Sears Holdings Management) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Sears Holdings Management may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

5.      Sears Brands, LLC (Sears Brands) is a limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 3333 Beverly Rd., Hoffman Estates, Illinois 60179.  Sears Brands may be served through its agent for service of process, CT Corporation System, 208 South LaSalle St. Suite 814.

6.      Sears Roebuck & Co. (Sears Roebuck) is a corporation organized and existing under the laws of the State of New York, having a

principal place of business at 3333 Beverly Rd., Hoffman Estates, Illinois 60179.  Sears Roebuck may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

7.     Sears Holdings, Sears Holdings Management, Sears Brands, and Sears Roebuck are alter egos of each other and/or are so closely related to one another that they are jointly and severally liable and may be considered the same company for purposes of this Complaint.

8.     For purposes of this Complaint, Sears Holdings, Sears Holdings Management, Sears Brands, and Sears Roebuck shall be collectively referred to as "Sears."

9.     Coleman Cable, Inc. (Coleman Cable) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1530 South Shields Drive, Waukegan, Illinois 60085-8037.  Coleman Cable may be served through its agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware  19808.

10.     NII Northern International, Inc. (NII Canada) is a corporation organized and existing under the laws of Canada, having a principal place of

business at 1 Burbridge St., Suite 101, Coquitlam, British Columbia, Canada V3k 7-B2.  NII Canada may be served pursuant to the Hague Convention.

11.    NII Northern International Services, Inc. (NII USA) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business 1 Burbridge St., Suite 101, Coquitlam, British Columbia, Canada V3k 7-B2.  (NII USA) may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

12.    Upon information and belief, NII USA and NII Canada are alter egos of each other and/or are so closely related to one another that they are jointly and severally liable and may be considered the same company for purposes of this Complaint.

13.    For purposes of this Complaint, NII USA and NII Canada shall be collectively referred to as "Northern International."

14.    Amazon.com, Inc. (Amazon.com) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Terry Avenue North, Seattle, Washington  98109.  Amazon.com may be served through its agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400,

Wilmington, Delaware  19808.

15.      Menard, Inc. (Menard) is a corporation organized and existing under the laws of the State of Wisconsin, having a principal place of business at 5106 Old Mill Center, Eau Claire, WI 54703.  Menard may be served through its agent for service of process, John R. Menard, Jr., 5106 Old Mill Center, Eau Claire, WI 54703.

16.      Winchance Solar Fujian Technology Col. Ltd. (Winchance) is a corporation organized and existing under the laws of China, having a principal place of business at Jiangnan New Hi-Tech Electronic Information Industrial Park, Quanzhou, Fujian, China.  Winchance may be served pursuant to the Hague convention.

17.      Strokin, LLC (Strokin) is a limited liability company organized and existing under the laws of the State of Minnesota, having a principal place of business at 8085 Century Boulevard, Chaska, MN 55318.  Strokin may be served through its agent for service of process, Sharon Huggett, 8085 Century Boulevard, Chaska, MN 55318.

18.      Import Specialties, Inc. (Import Specialties) is a corporation organized and existing under the laws of the State of Minnesota, having a principal place of business at 8085 Century Boulevard, Chaska, MN 55318.

Import Specialties may be served through its agent for service of process,

Bruce Brekke, 8085 Century Boulevard, Chaska, MN 55318.

## 2.    SUBJECT MATTER JURISDICTION

19.    This is an action for patent infringement arising under the

patent laws of the United States, Title 35, United States Code, including 35

U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## 3.    PERSONAL JURISDICTION AND VENUE

### A.    General.

20.    Personal jurisdiction over each of the Defendants is proper

pursuant to New Jersey Long-Arm Statute, J.J. CT. R. 4:4-4 and principles

of due process.

21.    The United States Defendants all have sufficient minimum

contacts with New Jersey and this district and the maintenance of this suit

does not offend traditional notions of fair play and substantial justice.

22.    The foreign Defendants have sufficient minimum contacts with

the United States and the maintenance of this suit does not offend traditional

notions of fair play and substantial justice.

**B.**     **Specific Jurisdiction.**

**1.**     **United States Defendants.**

23.     Personal jurisdiction over all United States Defendants is proper under principles of specific jurisdiction.  Upon information and belief, all United States Defendants have transacted and solicited business in New Jersey and in this district related to the subject matter of the claims alleged herein and, upon information and belief, have committed infringement in this state and district by importing, offering to sell and/or selling goods infringing one or more of the Patents-in-Suit, to one or more customers in this state and district, and/or by exposing for sale, offering for sale and/or selling such infringing goods to New Jersey residents, including by means of a commercially interactive website targeting New Jersey. Further, each Defendant's infringement that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in New Jersey and this district, a result that was reasonably foreseeable to each United States Defendant at the time each committed its misconduct.

**2.**     **Foreign Defendants.**

24.     Personal jurisdiction over all foreign Defendants is proper under principles of specific jurisdiction.  Upon information and belief, each

foreign Defendant has transacted and solicited business in the United States related to the subject matter of the claims alleged herein and, upon information and belief, has committed acts of direct infringement in the United States and/or has knowingly induced others to do so.  Upon information and belief, all foreign Defendants have knowingly induced infringement in the United States by offering to sell and/or selling goods infringing one or more of the patents in suit to its or his customers, with knowledge of one or more of Plaintiff's patents and that the foreign Defendant's goods infringe one or more of Plaintiff's patents, and with knowledge and/or willful blindness to the fact that its or his products will be imported into and offered for sale, sold and/or used in the United States by others.  Further, each foreign Defendant's infringement that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in the United States, a result that was reasonably foreseeable to each foreign Defendant at the time each committed its misconduct.

## C.    General Jurisdiction.

25.    Personal jurisdiction is also proper over the United States Defendants under principles of general jurisdiction in that these Defendants either reside in this state and district and/or have regularly and purposefully

conducted business in New Jersey and this district.

26.     Personal jurisdiction over the foreign Defendants is also proper under principles of general jurisdiction in that, on information and belief, these Defendants have regularly and purposefully conducted business in the United States.

27.     Pursuant to 28 U.S.C. § 1391 (c) (3), an alien may be sued in any judicial district and the joinder of such a Defendant shall be disregarded in determining whether the action may be brought with respect to the other Defendants.

## D.     Venue.

28.     Venue also properly lies in this district pursuant to 28 U.S.C. § 1400(b) because each Defendant either resides in this district and/or has committed acts of infringement in this district.

29.     Venue also properly lies in this district under 28 U.S.C. § 1391(b) (2) and/or (3) because either a substantial part of the events or omissions giving rise to the claims recited below, or a substantial part of the property that is the subject of the action is in this district, or there is no district in which the action may otherwise be brought as provided in 28 U.S.C. § 1391, and this court has personal jurisdiction over at least one

Defendant.

30.    Venue is proper in this district over the foreign corporations pursuant to 28 U.S.C. § 1391 (c) (3) in that an alien may be sued in any judicial district and the joinder of such a Defendant shall be disregarded in determining whether the action may be brought with respect to the other Defendants.

### 4.    JOINDER PURSUANT TO 35 U.S.C. § 299

31.    Joinder is proper under 35 U.S.C. § 299.

32.    Joinder is proper and in accordance with 35 U.S.C. § 299(a) because (1) Plaintiff is asserting his right to relief from the Defendants' unlawful patent infringement against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same series of transactions or occurrences relating to the using, importing into the United States, offering for sale, or selling the same solar-powered garden light that infringes one or more of the patents in suit and (2) questions of fact related to Defendants' unlawful patent infringement and common to all Defendants will arise in this action.

33.    Upon information and belief, the aforementioned solar-powered garden light is the same between and among the Defendants because,

regardless of brand name or model numbers, the solar-powered garden lights of each Defendant is being repeatedly produced by a common Chinese-located manufacturer.

34.     Upon information and belief, the aforementioned same solar-powered garden lights are also the same between and among the Defendants because, regardless of brand name or model numbers, the solar-powered garden lights of each Defendants are the same in all respects pertinent to at least D284 Cap Design Patent and the facts underlying the claim of infringement asserted against each Defendant share an aggregate of operative facts that give rise to each cause of action, such that the same proof of infringement as to any one Defendants' solar-powered garden light will also prove infringement of the other Defendants' solar-powered garden lights.  In particular, upon information and belief, the acts of infringement occurred during the same time period, the Defendants are related as at least supplier-customer, the Defendants use identically sourced components, there is an overlap of the products' development and manufacture in that the Defendants copied one another's products, and that this case involves a claim for lost profits.

35.     As to the foreign Defendants, joinder is also proper in that,

pursuant to 28 U.S.C. § 1391 (c) (3), an alien may be sued in any judicial

district and the joinder of such a Defendant shall be disregarded in

determining where the action may be brought with respect to the other

Defendants.

## 5.     FACTUAL BACKGROUND – PATENTS IN SUIT

36.     For many years, Richmond has engaged in the development,

manufacture, and sale of solar-powered garden lighting. Richmond has taken

steps to protect his innovative inventions and designs. In particular,

Richmond owns United States utility and design patents relating to his solar

garden lights.

37.     Richmond is the inventor and owner of all right, title, and

interest to the United States design patent number D554,284, entitled "Solar

Powered Light," ("the 'D284 Cap Design Patent"), which duly and legally

issued to Richmond on October 30, 2007.

38.     At all times relevant to this action, Richmond has complied

with any notice provisions of 35 U.S.C. § 287 as they may relate to the D284

Cap Design Patent in Suit.

### 6.    COUNT NO. 1 – INFRINGEMENT OF PLAINTIFF'S

### D284 CAP DESIGN PATENT

39.    Upon information and belief, each defendant has infringed and/or infringes one or more claims of Plaintiff's D284 Cap Design Patent by importing, exposing for sale, offering for sale and selling in the United States and/or having done so in the past, the same solar-powered garden light generally described as a Solar Light Having a Ribbed Cap Design and/or by knowingly inducing others to do so.

40.    On information and belief, without Richmond's authorization, Coleman has imported, exposed for sale, offered for sale and/or sold in the United States the Solar Light Having a Ribbed Cap Design that is covered by the D284 Cap Design Patent named "Verona" under the Coleman "Moonrays" brand ("the Verona Light").  The Verona Lights were imported, exposed for sale, offered for sale and sold in the United States at least in retail packs containing a quantity of four Verona Lights (model number 91401), in retail packs containing a quantity of eight Verona Lights (model number 91400), and a quantity of ten Verona Lights (model number 91225).

41.    On information and belief, the Verona Lights were manufactured in China by Winchance and sold by it with knowledge and

intent that those products would be imported into, exposed for sale, offered for sale and sold in the United States and that such would result in infringement of Richmond's D284 Cap Design Patent.

42.     On information and belief, without Richmond's authorization, Sears has imported, exposed for sale, offered for sale and sold in the United States the Verona Lights.

43.     On information and belief, without Richmond's authorization, Kmart has imported, exposed for sale, offered for sale and sold in the United States the Verona Lights.

44.     On information and belief, without Richmond's authorization, Amazon has exposed for sale, offered for sale and sold in the United States the Verona Lights.

45.     On information and belief, without Richmond's authorization, Northern International has imported, exposed for sale, offered for sale and/or sold in the United States under Northern International's "Paradise" brand, a solar garden light model having a design that is covered by the D284 Cap Design Patent having a general model number "GL23046" ("the GL23046 Lights"). The GL23046 Lights were at least imported, exposed for sale, offered for sale and sold in the United States in a retail pack containing a

quantity of four GL23046 Lights (model number GL23046BK4).

46.     On information and belief, without Richmond's authorization, Northern International has imported, exposed for sale, offered for sale and/or sold in the United States,  a solar garden light model having a design that is covered by the D284 Cap Design Patent having a general model number "GL23046" ("the GL23046 Lights"). The GL23046 Lights were at least imported, exposed for sale, offered for sale and sold in the United States in a retail pack containing a quantity of four GL23046 Lights (model number GL23046BK4).

47.     On information and belief, without Richmond's authorization, Amazon has exposed for sale, offered for sale and sold in the United States the GL23046 Lights.

48.     On information and belief, without Richmond's authorization, Kmart has exposed for sale, offered for sale and sold in the United States the GL23046 Lights.

49.     On information and belief, without Richmond's authorization, Sears has exposed for sale, offered for sale and sold in the United States the GL23046 Lights.

50.     On information and belief, defendant Northern International has

infringed and continues to infringe the D284 Cap Design Patent within the meaning of 35 U.S.C. §271(a) at least by selling and offering to sell the GL23046 Light without Richmond's authorization or license.

51.    On information and belief, without Richmond's authorization, Northern International has imported, exposed for sale, offered for sale and sold in the United States, same solar garden light having a design that is covered by the D284 Cap Design Patent under another designation ("the 343-9020 Lights"). The 343-9020 Lights were at least imported, exposed for sale, offered for sale and sold in the United States in a retail pack containing a quantity of eight 343-9020 Lights.

52.    On information and belief, without Richmond's authorization, Menard has exposed for sale, offered for sale and sold in the United States the 343-9020 Lights. The 343-9020 Lights were exposed for sale, offered for sale and sold in the United States by Menard  at least in a retail pack under Menard's "Enchanted Garden" brand containing a quantity of eight 343-9020 Lights.

53.    On information and belief, without Richmond's authorization, Import Specialties and Stokin have imported, exposed for sale, offered for sale and/or sold in the United States, a "Sol Mar" brand solar garden light

model SP1171 having a design that is covered by the D284 Cap Design

Patent ("the Heartland SP1171 Lights"). The Heartland SP1171 Lights were

at least imported, exposed for sale, offered for sale and sold in the United

States in a set containing a quantity of twelve Heartland SP1171 Lights.

54.     On information and belief, as with the Verona Lights, the

GL23046 Lights, the 343-9020 Lights, and the Heartland SP1171 Lights

were also manufactured in China by Winchance. The Winchance model

number for the Verona Light, the 343-9020 Light, and the Heartland SP1171

Lights is model number SP1171.

55.     On information and belief, without Richmond's authorization,

Winchance has exposed for sale, offered for sale, sold and/or imported in the

United States, solar garden lights having an infringing design that is covered

by the D284 Cap Design Patent, including the Verona Lights, the GL23046

Lights, the 343-9020 Lights, and the Heartland SP1171 Lights, and/or

knowingly induced others to do so, with knowledge of and/or willful

blindness to the fact that doing so infringes Plaintiff's D284 Cap Design

Patent.

56.     Richmond has offered for sale but has never sold any solar

lights bearing the design claimed in the D284 Cap Design Patent.

57.    Plaintiff has been damaged as a result of Defendants' infringing activities and will continue to be damaged unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate for the infringement of Plaintiff's Patents, including, inter alia, lost profits and/or a reasonable royalty.

58.    Plaintiff will be irreparably harmed if Defendants' patent infringement continues.  Plaintiff relies upon his for protection of his business's intellectual property and the rampant infringement of his patents by Defendants robs Plaintiff's business of its intellectual assets and denies Plaintiff the exclusivity in the marketplace for offering and selling his products to which he is entitled under the Patent Laws.  This seriously damages Plaintiff in a manner that cannot be adequately compensated by money alone.  Plaintiff is entitled to a permanent injunction prohibiting Defendants, their directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any other actions that would infringe Plaintiff's Patents.

## 7.    WILLFULNESS OF THE INFRINGEMENT

59.     As a result of Richmond's activities, Defendants Coleman

Sears, Kmart, Northern, and Winchance are believed to have long had

knowledge of the D284 Cap Design Patent and that their products infringe.

As such, their infringement of the D284 Cap Design Patent is deliberate and

willful. The allegations and factual contentions set forth in this paragraph are

likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

## 8.     JURY DEMAND

60.     Plaintiffs hereby demand a trial by jury, pursuant to Fed. R.

Civ. Proc. 38(b), for all issues so triable.

## 9.     PRAYER FOR RELIEF

61.     WHEREFORE, Plaintiff prays that the court enter judgment

granting Plaintiffs the following relief:

a.     For the utility Patents-in-Suit, awarding Plaintiff his

damages adequate to compensate for Defendants' infringement of

Plaintiff's Patents, including, inter alia, lost profits and/or a reasonable

royalty;

b.     For the Richmond D284 Cap Design Patent, awarding

Plaintiff his damages adequate to compensate for Defendants'

infringement of Plaintiff's Patents, including, inter alia, lost profits and/or a reasonable royalty, plus an award of the total profits of each Defendant found to infringe the Richmond D284 Cap Design Patent, pursuant to 35 U.S.C. § 289;

   c.  Awarding treble of the damages and/or reasonable royalty, and that those damages be trebled on account of the willful nature of the infringement, pursuant to 35 U.S.C. § 284, for those Defendants against whom willfulness is alleged;

   d.  Declaring this case to be exceptional under 35 U.S.C. §285 and awarding Plaintiff his attorneys' fees, costs and expenses related to bringing this action;

   e.  Enjoining Defendants from infringing Plaintiff's Patents; and

f.    Awarding Plaintiff such further and other relief as the

Court deems just and equitable.

Respectfully submitted,

/s/ Lawrence C. Hersh
Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey  07070
Tel:  (201) 507-6300
Fax: (201) 507-6311
lh@hershlegal.com
Attorneys for Plaintiff
Simon Nicholas Richmond

Of Counsel
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com