UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SIMON NICHOLAS RICHMOND** | : | Civil Action No. 3:13-cv-1951 (MLC) |
| | : | Civil Action No. 3:13-cv-1954 (MLC) |
| | : | Civil Action No. 3:13-cv-1959 (MLC) |
| **Plaintiff,** | : | |
| | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | **AND ORDER** |
| | : | |
| **WINCHANCE SOLAR FUJIAN** | : | |
| **TECHNOLOGY CO. LTD., et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

This matter comes before the Court on a Motion by Dentons US LLP (the "Dentons Firm"), counsel of record for Defendant Winchance Solar Fujian Technology Co. Ltd. ("Winchance"), to withdraw as Counsel [dkt. nos. 206, 208]. The Court initially granted the Dentons Firm's Motion, believing it to be unopposed [dkt. no. 209]. By letter dated April 2, 2014, however, Plaintiff Simon Nicholas Richmond ("Plaintiff") informed the Court of his objection to the Motion and requested that the Court vacate its earlier Order. The Court granted this request [dkt. no. 210]. Thereafter, Plaintiff filed his Opposition [dkt. no. 211], and the Dentons Firm filed a Reply [dkt. no. 212]. The Court has now fully considered the Parties' submissions, pursuant to FED. R. CIV. P. 78, and, for the reasons set forth herein, the Dentons Firm's Motion to Withdraw [dkt. nos. 206, 208] is **GRANTED**.

I.  **FACTUAL BACKGROUND**

Since the Parties are intimately familiar with the facts and procedural history of this case, the Court will only recite those facts pertinent to the instant Motion. On September 27, 2013, Winchance's lead counsel, Nate Dilger of One LLP, contacted the Dentons Firm to inquire as to its availability to act as local counsel. See Dentons' Reply Brief at p. 2, dkt. no. 212. Three days

later, attorneys Marc Friedman and Andrew Grodin of the Dentons Firm entered appearances on behalf of Winchance, filed an Answer to the Amended Complaint, and filed a Corporate Disclosure Statement. See dkt. nos. 154-157. Although the Answer and Corporate Disclosure Statement were signed by the Dentons Firm, those documents list Mr. Dilger and his firm, One LLP, as counsel for Winchance. On October 10, 2013, Mr. Dilger participated telephonically in the scheduled case management conference before the Court.

On November 25th, 2013, Mr. Dilger informed the Dentons Firm that Winchance no longer desired its representation in these matters. See Dentons' Reply Brief at p. 3. Subsequently, the Dentons Firm inquired whether Winchance wished for the firm to continue as local counsel. In response, Winchance instructed the Dentons Firm to "withdraw the representation." See Dentons' Reply at p. 3. Thereafter, the Dentons Firm filed the present Motion to Withdraw on March 21, 2014, which Plaintiff has opposed. To the Court's knowledge, One LLP no longer represents Winchance in connection with this matter.

## II.   LEGAL STANDARD

Unless new counsel is substituted, attorneys may not withdraw except by leave of the Court. L. Civ. R. 102.1. The New Jersey Rules of Professional Conduct provide that an attorney may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or

> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or other good cause for withdrawal exists.

N.J. R.P.C. § 1.16 (b); see also Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422-23 (D.N.J. 1993). The Rules also provide that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . (3) the lawyer is discharged." N.J. R.P.C. § 1.16 (a).

The Court looks to four factors in determining whether counsel may withdraw from a case: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996); see also United States ex rel. Cherry Hill Convalescent Ctr. V. Healthcare Rehab Systems, Inc., 944 F. Supp. 244, 252-53 (D.N.J. 1990).

### III.   DISCUSSION

In opposing the present Motion, Plaintiff notes the well-established rule that a corporation may not proceed *pro se* before the Court. See Pl.'s Opposition at p. 1, dkt. no. 211. Therefore, Plaintiff argues, the Dentons Firm should not be permitted to withdraw until new counsel is substituted in its place. Id. Plaintiff also suggests that this Motion is occasioned by Winchance's desire for a "do over" of its litigation choices during the discovery stage of this action. Id. at p. 2. Specifically, Plaintiff contends that Winchance (1) failed to serve separate discovery requests; (2) defaulted on its discovery obligations; and (3) failed to file any Infringement Contentions. Id. at pp. 1-2. Moreover, Plaintiff notes that Winchance is a foreign corporation based in China, and thus permitting the Dentons Firm to withdraw would mean that all papers "will have to be translated into Chinese and served in China under the cumbersome Hague Convention procedures, which experience has shown can take six months or more." Id. Finally, Plaintiff argues that the

Dentons Firm has proffered no excuse for waiting almost four months after its termination to seek withdrawal from this litigation.  Id.

In response, the Dentons Firm emphasizes that its requested withdrawal is not voluntary.  See Dentons' Reply at p. 1.  Indeed, the present Motion did not spawn from any disagreement with Winchance over money, strategy or other reasons specified in N.J. R.P.C. 1.16(b).  Id.  Rather, Winchance terminated the firm's services.  As the Dentons Firm asserts, R.P.C. 1.16(a) prohibits the firm's continued representation of Winchance in this matter, since "a lawyer . . . shall withdraw from the representation of a client if . . . (3) the lawyer is discharged."  See N.J. R.P.C. 1.16(a); Dentons' Reply at pp. 1-2.  In addition, the Dentons Firm argues that the present Motion was filed at the early stages of discovery and that Plaintiff would suffer no prejudice if the Motion is granted.  See dkt. no. 208.  Finally, the Dentons Firm has not acted as Winchance's only attorney in this matter; indeed, Mr. Dilger and One LLP have participated extensively in this matter as lead counsel.

At the outset, it is imperative to emphasize that neither the Court nor the Dentons Firm have expressed any intention to have Winchance proceed *pro se* in this matter.  In fact, the Court's original Order granting the Dentons Firm's withdrawal provided a 21-day period for Winchance to secure new representation.  See dkt. no. 209.  As the Dentons Firm notes, "courts in this jurisdiction routinely enter such orders even when the withdrawal, unlike here, is at the attorneys request and not because the attorneys were terminated."  See Dentons' Reply at p. 4, citing Direct Wholesale Inc. v. Six Communications, LLC, Civ. Act. No. 2:09-cv-2139 (MCA), dkt. no. 110, (November 14, 2012) (granting Motion to Withdraw and allowing corporate entity 20 days to secure counsel); Marlowe Patent Holdings LLC. v. Dice Electronics, LLC, Civ. Act. No. 3:11-cv-7044 (DEA), dkt. no. 49 (June 17, 2013) (giving parties 20 days to obtain new counsel or face

4

default). Despite Plaintiff's insinuation that the present Motion is merely attempt to correct Winchance's discovery deficiencies, the Court notes that, at the time the Motion was filed, Plaintiff had not sought any relief from the Court regarding these ostensible controversies. Nonetheless, any disputes that may exist would not be extinguished by allowing the Dentons Firm to withdraw.

## IV. CONCLUSION & ORDER

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown,

**IT IS** on this 5th day of August, 2014,

**ORDERED** that the Dentons Firm's Motion to Withdraw as Counsel for Winchance [dkt. nos. 206, 208] is **GRANTED**; and it is further

**ORDERED** that Winchance shall have thirty (30) days from the date of this Order to secure new counsel, after which time it may be deemed to be in default.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**